RICHARD B. TEITELMAN,
Dissenting.
I respectfully dissent. Mr. Parr was killed in a single-vehicle accident while driving a tractor-trailer. Mr. Parr’s children and father (Plaintiffs) filed suit alleging that his supervisors had a duty to determine whether Mr. Parr was medically fit to drive a tractor-trailer. I would hold that these allegations raise factual issues that preclude summary judgment.
When Mr. Parr was injured, section 287.120.1 did not release eo-employees from co-employee liability. Therefore, Plaintiffs’ claims were governed by the common law standards governing claims against co-employees. At common law, an “employer is liable for the negligent performance of any act directed by it to be performed by any employee ... which affects the safety of the workplace” and “[rjisks that are attendant to performing the employer’s work as directed are thus necessarily subsumed within the employer’s non-delegable duties, and cannot support an independent personal duty owed by a co-employee.” Leeper v. Asmus, 440 S.W.3d 478, (Mo.App. 2014). The employer’s obligation to protect its employees does not extend to injuries caused by the negligence of employees in carrying out the details of the work directed by the employer. Id. at 488; (citing Kelso v. W.A Ross Const. Co., 337 Mo. 202, 85 S.W.2d 527, 534-36 (1935)). Accordingly, under the common law, Plaintiffs had to prove that Mr. Parr’s “employer performed all of its non-delegable duties such that a reasonably safe workplace, a safe instrumentality of work, and safe methods of work, became unsafe solely through the fault of [Mr. Parr’s supervisors], a determination that depends on the facts and circumstances of the workplace injury.” Id. Before a court can determine the legal question of whether a co-employee owes a duty in negligence at common law, the court must assess the facts and circumstances of the employment at issue to determine the inherently factual question of whether the workplace injury was caused by the employer’s breach of a nondelega-ble duty or by the co-employee’s negligence in carrying out the details of the work directed by the employer. The principal opinion discards Leeper, but Leeper’s explanation of the common law is convine- *784 ing and supported directly by the language of this Court’s opinions.
The Plaintiffs’ petition alleges that Mr. Parr’s supervisors breached their duty to ensure that Mr. Parr was able to safely drive the tractor-trailer. This case is governed by common law principles and, as explained in Leeper, summary judgment was not proper because the existence of a duty depends on disputed facts that should not have been resolved by summary judgment. I would reverse the summary judgment and remand the case for further proceedings.